NICHOLAS M. WAJDA (State Bar #)
Attorney Email Address
WAJDA LAW GROUP, APC
11400 West Olympic Boulevard, Suite 200M
Los Angeles, California 90064
Telephone: (310) 997-0471
Email: nick@wajdalawgroup.com
*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JILL M. KRUSE, *on behalf of herself and all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>RADIUS GLOBAL SOLUTIONS, LLC, formerly known as CENTRAL CREDIT SERVICES, LLC,<br><br>Defendant. | Case No. 5:19-cv-00909<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET SEQ.;**<br><br>**2. VIOLATION OF THE CREDIT REPAIR ORGANIZATIONS ACT, 15 U.S.C. § 1679 ET SEQ.;**<br><br>**3. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 ET SEQ.**<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT**

**NOW COMES** JILL M. KRUSE ("Plaintiff"), by and through her attorneys, WAJDA LAW GROUP, APC ("Wajda"), on behalf of herself and all others similarly situated, complaining as to the conduct of Defendant, Central Credit Services, LLC d/b/a Radius Global Solutions, LLC ("Defendant"), as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, the Credit Repair Organizations Act ("CROA") under

15 U.S.C. § 1679 *et seq*, and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") pursuant to Cal. Civ. Code §1788, for Defendant's unlawful conduct.

## JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA, the CROA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in the Central District of California, Defendant conducts business in the Central District of California, and all of the events or omissions giving rise to the claims occurred within the Central District of California.

## PARTIES

4. Plaintiff is a consumer and natural person over 18-years-of-age who, at all times relevant, is a "consumer" as defined by 15 U.S.C. § 1692a(3).

5. Plaintiff is a natural "person" as defined by 47 U.S.C. §153(39).

6. Defendant is a collection agency with the primary purpose of collecting or attempting to collect consumer debts owed or allegedly owed to others. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others using the mail and/or telephone, including consumers in the State of California.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

8. Defendant's principle office is located at 500 North Franklin Turnpike, Suite 200, Ramsey, New Jersey 07446.

9. Defendant acted through its agents, vendors, employees, officers, members, directors, heirs, third party contractors, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

10. The instant action stems from Defendant's attempt to collect upon past due credit card payments ("subject debt") said to be owed by Plaintiff.

11. The subject debt arose out of past due payments on Plaintiff's American Express credit card, which constitutes a transaction in which money, property, insurance or services serving as the subject of the transaction were for personal, family, or household purposes; therefore, the subject debt is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

12. Within the one (1) year preceding the filing of this Complaint, Defendant communicated and/or attempted to communicate with Plaintiff in an attempt to collect the subject debt.

13. On November 13, 2018, Defendant mailed or caused to be mailed to Plaintiff a dunning letter ("Collection Letter") via U.S. Mail in an attempt to collect the subject debt from Plaintiff. *See Defendant's Collection Letter to Plaintiff, attached as Exhibit "A"*.

14. The Collection Letter offers Plaintiff the "opportunity to regain Card Membership" with American Express in the event Plaintiff paid Defendant the balance of the subject debt in full.

15. Specifically, the Collection Letter states that Plaintiff will have the opportunity to receive an application for a new American Express "Optima Card" once the subject debt is paid in full.

16. Upon information and belief, the "Optima Card" is a credit card issued by American Express to subprime borrowers and carries a low credit limit in combination with a high interest rate.[1] As such, the Optima Card is a credit product offered by American Express, which is designed to provide those with negative credit history the opportunity to reestablish creditworthiness.

17. The Collection Letter goes on to outline certain criteria which, even if Plaintiff paid the subject debt in full, may nevertheless preclude Plaintiff from being approved for the Optima Card.

---

[1] https://ficoforums.myfico.com/t5/Rebuilding-Your-Credit/AMEX-Optima-Oasis/td-p/5158188

3

18. The first three criteria outlined in the collection letter all involve information which would be within the control or knowledge of Plaintiff – i.e., whether he had an active bankruptcy, another Optima Card, or another active American Express account.

19. However, the final preclusive criteria outlined in the Collection Letter is: "American Express determines that you do not have the financial capacity to make the minimum payment on this new Optima Card account."

20. As such, Plaintiff could pay the subject debt in full, submit his application for the Optima Card, only to ultimately not receive the promised benefits that induced Plaintiff to pay the subject debt based on a determination solely within the discretion of American Express.

21. Therefore, Defendant's Collection Letter seeks to induce Plaintiff into paying the subject debt by dangling an illusory offer in front of Plaintiff, hoping that Plaintiff reacts to such offer and begins making payment on the subject debt.

22. Consumers in Plaintiff's position – specifically those who have a credit card account previously subjected to collections – would undoubtedly welcome the opportunity to reestablish credit, and thus are more at risk of responding to Defendant's illusory offer in a way ultimately detrimental to their interests.

23. As such, the above referenced representations are deceptive, misleading, and constitute unfair collection practices in violation of the FDCPA.

24. All of Defendant's collection actions at issue occurred within one year of the date of the filing of the Complaint in this matter.

25. Furthermore, Defendant's role in offering Plaintiff the opportunity to reestablish creditworthiness, in combination with its complete failure to adhere to the strictures imposed by the CROA, demonstrates its numerous violations of the CROA.

## CLASS ACTION ALLEGATIONS

26. Plaintiff brings this action on her own behalf and as a class action on behalf of the following class:

> All persons who received a collection letter from Defendant during the one year preceding the filing of this action through the date of class certification, that contained an offer to receive an application for an American Express Optima Card substantially similar to the language of the Collection Letter attached hereto as Exhibit A.

27. This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(a).

28. The Class consists of hundreds or more persons throughout the United States, such that joinder of all Class members is impracticable.

29. There are questions of law and fact that are common to the Class members that relate to Defendant's violations of the FDCPA, CROA, and RFDCPA particularly because these are form collection letters based on a common course of conduct by Defendant.

30. The claims of Plaintiff are typical of the claims of the proposed Class because they are based on the same legal theories, and Plaintiff has no interest that are antagonistic to the interests of the Class members.

31. Plaintiff is an adequate representative of the Class and has retained competent legal counsel experienced in class actions and complex litigation.

32. These questions of law and fact common to the Class predominate over any questions affecting only individual Class members, particularly because the focus of the litigation will be on the conduct of Defendant. The predominant questions of law and fact in this litigation include, but are not limited to: (i) whether Defendant violated the FDCPA by sending Collection Letters to Class Members containing an offer to receive an American Express Optima Card; (ii) whether Defendant is a credit repair organization under the CROA; (iii) whether Defendant complied with several

different provisions of the CROA; (iv) whether Defendant violated the RFDCPA by sending Collection Letters to Class Members containing an offer to receive an American Express Optima Card and; (v) the type and amount of relief to which the Plaintiff and Class members are entitled.

33. A class action is superior to other available methods for the fair and efficient adjudication of this controversy, as the pursuit of hundreds of individual lawsuits would cause a strain on judicial resources and could result in inconsistent or varying adjudications, yet each Class member would be required to prove an identical set of facts in order to recover damages.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

34. Plaintiff repeats and realleges paragraphs 1 through 33 as though fully set forth herein.

35. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

36. The subject debt is a "debt" as defined by FDCPA §1692a(5) as they arise out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

37. Defendant is a "debt collector" as defined by §1692a(6) because its primary business is the collection of delinquent debts and it regularly collects debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

38. Moreover, Defendant is a "debt collector" because it acquired rights to the subject debt after it was in default. 15 U.S.C. §1692a(6).

39. Defendant used the mail to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

40. Defendant's communications to Plaintiff was made in connection with the collection of the subject debt.

41. Defendant violated 15 U.S.C. §§1692d, e, e(10), and f through its unlawful debt collection practices.

a. **Violations of the FDCPA § 1692d**

42. The FDCPA, pursuant to 15 U.S.C. § 1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

43. Defendant violated 15 U.S.C. § 1692d when it abusively attempted to leverage Plaintiff's credit issues into receiving full payment on the subject debt. Defendant's Collection Letters abusively provides Plaintiff a proverbial "carrot" to address the subject debt – i.e., the opportunity to reestablish and improve credit. However; an unsophisticated consumer reading Defendant's collection letters would not necessarily understand the possibility that, even if the debt was paid in full, they may ultimately not have the opportunity to regain card membership.

b. **Violations of 15 U.S.C § 1692e**

44. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

45. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. §1692e(10).

46. Defendant violated 15 U.S.C. §§ 1692e and e(10) when it misleadingly provided an illusory offer of regaining card membership to Plaintiff in exchange for Plaintiff's full payment of the subject debt. An unsophisticated consumer reading Defendant's Collection Letter would be left with the impression that payment in full of the debt at issue would result in them having the opportunity to reestablish card membership, and by extension improve their (likely) poor credit history. However, whether a consumer ultimately receives the benefit of the offer is entirely within the discretion of American Express. This one-sided determination, absent any further clarifying language in the Collection Letter, illustrates the misleading and deceptive nature of Defendant's

Collection Letter and further demonstrates the potential harm suffered by consumers who accept Defendant's terms yet ultimately do not receive that which prompted their initial acceptance of the offer.

    **c. Violations of 15 U.S.C. § 1692f**

47. The FDCPA, pursuant to 15 U.S.C. § 1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

48. Defendant violated 15 U.S.C. § 1692f when it unfairly sought to take advantage of Plaintiff's lack of creditworthiness to collect upon a debt. Defendant sought to unfairly exploit Plaintiff's past credit issues by offering an opportunity to regain card membership, so long as the subject debt was paid in full. Because Plaintiff could go about paying the subject debt yet ultimately not receive the promised opportunity, Defendant's conduct is inherently unfair and unconscionable under the FDCPA.

**WHEREFORE**, Plaintiff, JILL M. KRUSE, respectfully requests that this Honorable Court grant the following:

    a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

    b. Certification of the Class requested above and appointment of the Plaintiff as Class Representative and of her counsel as Class Counsel;

    c. Statutory damages under 15 U.S.C. § 1692k(a);

    d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

    e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE CREDIT REPAIR ORGANIZATIONS ACT

49. Plaintiff repeats and realleges paragraphs 1 through 48 as though fully set forth herein.

50. Defendant is a "credit repair organization," as defined by 15 U.S.C. § 1679a(3), as it is a person, who uses any instrumentality of interstate commerce or the mails, to sell, provide, or

perform (or represent that such person can or will sell, provide, or perform) any service, in return for the payment of other valuable consideration, for the express or implied purpose of (i) improving any consumer's credit record, credit history, or credit rating; or (ii) providing advice or assistance to any consumer with regard to any activity or service relating to improving any consumer's credit record, credit history, or credit rating.

51. Specifically, Defendant's role in offering Plaintiff the opportunity to connect with American Express to regain card membership in the form of applying for the Optima Card, in the event Plaintiff made full payment on the subject debt, demonstrates that Defendant is a person who, in exchange for payment of valuable consideration, would assist Plaintiff in connecting with American Express for the implicit purpose of receiving an Optima Card and, by extension, improve Plaintiff's credit record/history/rating.

### a. Violations of 15 U.S.C. § 1679b

52. The CROA, pursuant to 15 U.S.C. § 1679b(a)(4), provides that "no person may . . . engage, directly or indirectly, in any act, practice, or course of business that constitutes or results in the commission of, or an attempt to commit, a . . . deception on any person in connection with the offer or sale of the services of the credit repair organization." Furthermore, pursuant to 15 U.S.C. § 1679b(b), "[n]o credit repair organization may charge or receive any money or other valuable consideration for the performance of any service which the credit repair organization has agreed to perform for any consumer before such service is fully performed."

53. Defendant violated 15 U.S.C. § 1679b(a)(4) through the generally deceptive nature of its collection letter as it relates to Defendant's services and the opportunity Plaintiff may have to improve her credit. As stated above, Defendant's Collection Letter and the nature of the terms surrounding the Optima Card offer demonstrate the illusory nature of the offer, and by extension

9

the illusory nature of Defendant's role in aiding Plaintiff to secure an opportunity to improve her credit.

54. Defendant further violated 15 U.S.C. § 1679b(b) when it required Plaintiff to pay the subject debt in full prior to connecting Plaintiff with American Express. The collection letter constitutes a representation by Defendant that it would provide Plaintiff with the service of connecting Plaintiff with American Express so that Plaintiff may go about improving her credit. However, prior to Plaintiff receiving this benefit, she was required to pay the subject debt in full. As such, Defendant clearly required consideration to be paid prior to it following through on its offer of services to Plaintiff.

    **b. Violations of 15 U.S.C. § 1679c**

55. Pursuant to 15 U.S.C. § 1679c(a), credit repair organizations are required to provide consumers with certain information in writing before an agreement between the credit repair organization and consumer is executed.

56. Defendant violated 15 U.S.C. § 1679c(a) by seeking to reach an agreement with Plaintiff without providing the disclosures required by § 1679c(a).

**WHEREFORE**, Plaintiff, JILL M. KRUSE, respectfully requests that this Honorable Court grant the following:

    a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

    b. Certification of the Class requested above and appointment of the Plaintiff as Class Representative and of her counsel as Class Counsel;

    c. Actual damages under 15 U.S.C. § 1679g(a)(1);

    d. Punitive damages under 15 U.S.C. § 1679g(a)(2);

    e. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1679g(a)(3); and

    f. Awarding any other relief as this Honorable Court deems just and appropriate.

**COUNT II – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

57. Plaintiff restates and realleges paragraphs 1 through 56 as though fully set forth herein.

58. Plaintiff is a "person" as defined by Cal. Civ. Code § 1788.2(g).

59. The alleged subject debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code § 1788.2(d) and (f).

60. Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

    a.  **Violations of RFDCPA § 1788.13(i)**

61. The RFDCPA, pursuant to Cal. Civ. Code § 1788.13(i), states that a debt collector may not falsely represent "the true nature of the business or services being rendered by the debt collector."

62. Defendant violated § 1788.13(i)) of the RFDCPA when it misleadingly provided an illusory offer of regaining card membership to Plaintiff in exchange for Plaintiff's full payment of the subject debt. An unsophisticated consumer reading Defendant's Collection Letter would be left with the impression that payment in full of the debt at issue would result in them having the opportunity to reestablish card membership, and by extension improve their (likely) poor credit history. However, whether a consumer ultimately receives the benefit of the offer is entirely within the discretion of American Express. This one-sided determination, absent any further clarifying language in the Collection Letter, illustrates the misleading and deceptive nature of Defendant's Collection Letter and further demonstrates the potential harm suffered by consumers who accept Defendant's terms yet ultimately do not receive that which prompted their initial acceptance of the offer.

63. Defendant is essentially, falsely representing to Plaintiff that if she pays the subject debt in full, Defendant will be able to help her credit worthiness.

64. Defendant willfully and knowingly violated the RFDCPA. Defendant's willful and knowing violations of the RFDCPA should trigger this Honorable Court's ability to award Plaintiff statutory damages of up to $1,000.00, as provided under Cal. Civ. Code § 1788.30(b).

**WHEREFORE**, Plaintiff, JILL M. KRUSE, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Award Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

c. Award Plaintiff statutory damages up to $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);

d. Award Plaintiff costs and reasonable attorney fees as provided pursuant to Cal. Civ. Code § 1788.30(c); and

e. Award any other relief as the Honorable Court deems just and proper.

Dated: May 15, 2019                    Respectfully submitted,

By: /s/ Nicholas M. Wajda
Nicholas M. Wajda
WAJDA LAW GROUP, APC
11400 West Olympic Boulevard, Suite 200M
Los Angeles, California 90064
Telephone: (310) 997-0471
Email: nick@wajdalawgroup.com